Miles N. Clark, Esq.
Nevada Bar No. 13848
LAW OFFICES OF MILES N. CLARK, LLC
5510 S. Fort Apache Rd, Suite 30
Las Vegas, NV 89148-7700
Phone: (702) 856-7430
FAX: (702) 552-2370
Email: miles@milesclarklaw.com

*Attorney for Plaintiff, Alice Robinson*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ALICE ROBINSON, | Civil Action No.: 1:23-cv-01930 |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ., AND THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692 ET SEQ.** |
| BMTX, INC.; CREDIT CONTROL SERVICES, INC. D/B/A CREDIT COLLECTION SERVICES; CUSTOMERS BANK; EASTERN ACCOUNT SYSTEM OF CONNECTICUT, INC.; and GINNY'S INC., | |
| Defendants. | **JURY TRIAL DEMANDED** |

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction because this case arises out of violations of federal law. 15 U.S.C. § 1681 *et seq.* and 15 U.S.C. § 1692 *et seq.*; 28 U.S.C. § 1331.

2. This action arises from violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

3. Venue is proper in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Hendricks County, State

of Indiana and because Defendants are subject to personal jurisdiction in Hendricks County, State of Indiana as they conduct business there. Venue is also proper because the conduct giving rise to this action occurred in Indiana. 28 U.S.C. § 1391(b)(2).

PARTIES

4.    Plaintiff reasserts and realleges all of the preceding paragraphs as if fully stated herein.

5.    Plaintiff Alice Robinson ("Plaintiff") is a natural person residing in Hendricks County, State of Indiana. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §§ 1681a(c) and 1692a(3).

6.    Defendant Ginny's Inc. ("Ginny's) is a corporation doing business in the State of Indiana. Ginny's is a "person" for purposes of 15 U.S.C. § 1681b in that it has procured consumer reports from a consumer reporting agency.

7.    Defendant BMTX, Inc. ("BMTX") is a corporation doing business in the State of Indiana. BMTX is a "person" for purposes of 15 U.S.C. § 1681b in that it has procured consumer reports from a consumer reporting agency.

8.    Defendant Customers Bank ("Customers") is a corporation doing business in the State of Indiana. Customers is a "person" for purposes of 15 U.S.C. § 1681b in that it has procured consumer reports from a consumer reporting agency.

9.    Defendant Credit Control Services, Inc. d/b/a Credit Collection Services ("Credit Collection") is a corporation doing business in the State of Indiana. Credit Collection is a "debt collector" as contemplated by 15 U.S.C. § 1692a(6).

10.    Defendant Eastern Account System of Connecticut, Inc. ("Eastern") is a corporation doing business in the State of Indiana. Eastern is a "debt collector" as contemplated by 15 U.S.C. § 1692a(6).

11.  Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## FACTUAL ALLEGATIONS – FCRA VIOLATIONS

### *General Allegations, FCRA Liability, and Industry Reporting Guidelines*

12.  Plaintiff reasserts and realleges all of the preceding paragraphs as if fully stated herein.

13.  The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the FCRA to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

14.  In addition to ensuring accuracy, Congress also enacted the FCRA to protect consumer privacy.  15 U.S.C. § 1681b provides an exhaustive list of permissible circumstances under which a person may access a consumer report from a consumer reporting agency. 15 U.S.C. § 1681b(f) prohibits the use and obtaining of consumer reports "for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with Section 1681e of this title by a prospective user of the report through a general or

specific certification."   A reporting agency is obligated to follow reasonable policies and procedures when it permits disclosure of consumer reports pursuant the exclusively enumerated permissible purposes under 15 U.S.C. § 1681e(a).

### GINNY'S FCRA VIOLATIONS – 15 U.S.C. § 1681B(F)

15.    On Plaintiff's August 25, 2022 credit report from agency Equifax Information Services, LLC ("Equifax"), Equifax reported an inquiry from Ginny's on February 28, 2022. Plaintiff has no account relationship with Ginny's, nor has any recollection that Ginny's provided Plaintiff with a firm offer of credit.  Plaintiff does not have any recollection of ever providing Ginny's with any authorization to procure her private credit information from Equifax.

16.    Ginny's was prohibited from procuring Plaintiff's consumer report from Equifax without a permissible purpose, which Ginny's never obtained in any form prior to obtaining this credit information.

17.    Therefore, Ginny's had no reason or permissible purpose to access Plaintiff's consumer report from Equifax, and therefore violated 15 U.S.C. § 1681b(f).

18.    Ginny's conduct was willful because the permissible-purpose requirements of the FCRA are clear and unambiguous in requiring a permissible purpose before Ginny's could procure Plaintiff's private credit information.  At minimum, Ginny's conduct was negligent.

19.    Plaintiff has suffered actual damages as a result of this intangible violation of her privacy, which take the form of emotional distress.

20.    Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs. *See* 15 U.S.C. §§ 1681n, 1681o.

**BMTX AND CUSTOMERS FCRA VIOLATIONS – 15 U.S.C. § 1681B(F)**

21.    On a credit report from agency Chex Systems ("Chex") provided in the Summer of 2022, Chex reported an inquiry from BMTX made on behalf Customers on July 22, 2020.  This Chex report was the first time Plaintiff became aware of the BMTX inquiry.

22.    Plaintiff has no account relationship with BMTX or Customers, nor has any recollection that BMTX or Customers provided Plaintiff with a firm offer of credit.  Plaintiff does not have any recollection of ever providing BMTX or Customers with any authorization to procure her private credit information from Chex.

23.    BMTX and Customers were prohibited from procuring or receiving Plaintiff's consumer report from Chex without a permissible purpose, which BMTX or Customers never obtained in any form prior to obtaining this credit information.

24.    Therefore, neither BMTX nor Customers had no reason or permissible purpose to access Plaintiff's consumer report from Chex, and therefore violated 15 U.S.C. § 1681b(f).

25.    BMTX and Customers conduct was willful because the permissible-purpose requirements of the FCRA are clear and unambiguous in requiring a permissible purpose before BMTX could procure Plaintiff's private credit information or Customers could receive it.   At minimum, BMTX and Customers' conduct was negligent.

26.    Plaintiff has suffered actual damages as a result of this intangible violation of her privacy, which take the form of emotional distress.

27.    Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs. *See* 15 U.S.C. §§ 1681n, 1681o.

**CREDIT COLLECTION FDCPA VIOLATIONS – 15 U.S.C. §§ 1692E(2), 1692E(5), 1692E(8), 1692E(10), 1692F(1)**

28. On August 13, 2023, Plaintiff received a letter from Credit Collection which stated she owed $1,982.61 from an obligation originally owed to creditor Xfinity Mobile ("Xfinity"). The letter stated that "This notice will serve as a Credit Reporting Alert that adverse credit information is scheduled to be reported to one or more of the three major credit bureaus." The letter did not specify when such information would be provided to the bureaus.

29. The Debt purportedly arose from telecommunications services provided by Xfinity which were primarily for family, personal, or household purposes, and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

30. Therefore, the Debt was purchased, assigned, or transferred to Credit Collection for collection, or Credit Collection was employed by Xfinity to collect the Debt.

31. However, Plaintiff never had any account relationship with Xfinity Mobile for which she owed any obligation as of August 13, 2023.

32. Therefore, Credit Collection attempted to collect the Debt in its August 13, 2023 letter to Plaintiff and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

33. By misreporting the amount and nature of this un-owed debt, Credit Collection violated the FDCPA.

34. Credit Collection's conduct violated 15 U.S.C. § 1692d in that it engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

35. Credit Collection's conduct violated 15 U.S.C. § 1692e in that it engaged in false, deceptive, or misleading behavior in connection with the collection of a debt.

36. Credit Collection's conduct violated 15 U.S.C. § 1692e(2) in that it misrepresented the

amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to a creditor.

37. Credit Collection's conduct violated 15 U.S.C. § 1692e(5) in that it threatened to take action against Plaintiff which it could not legally take or did not intend to take in collection of a debt.

38. Credit Collection's conduct violated 15 U.S.C. § 1692e(8) in that it communicated or threatened to communicate false credit information, in an attempt to collect a debt.

39. Credit Collection's conduct violated 15 U.S.C. § 1692e(10) in that it employed various false representations and deceptive means to collect a debt.

40. Credit Collection's conduct violated 15 U.S.C. § 1692f(1) in that it attempted to collect an amount not authorized by any agreement between Plaintiff and Xfinity.

41. Plaintiff has suffered and continues to suffer actual damages as a result of Credit Collection's unlawful conduct.

42. As a direct consequence of Credit Collection's acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

43. Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs. *See* 15 U.S.C. § 1692k.

**EASTERN FDCPA VIOLATIONS – 15 U.S.C. §§ 1692E(2), 1692E(5), 1692E(8), 1692E(10), 1692F(1)**

44. In early October 2023, Plaintiff received a letter from Eastern which stated she owed $62.40 from an obligation allegedly owed to creditor Comcast Cable Communications ("Comcast"). Eastern then sent another letter, in which it claimed Plaintiff now owed

$163.83 on the alleged Comcast obligation.

45. The Debt purportedly arose from telecommunications services provided by Comcast which were primarily for family, personal, or household purposes, and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

46. Therefore, the Debt was purchased, assigned, or transferred to Eastern for collection, or Eastern was employed by Xfinity to collect the Debt.

47. However, Plaintiff never had any account relationship with Comcast for which she owed any obligation as of October 2023.

48. Therefore, Eastern attempted to collect the Debt in its October 2023 letters to Plaintiff and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

49. By misreporting the amount and nature of this un-owed debt, Eastern violated the FDCPA.

50. Eastern's conduct violated 15 U.S.C. § 1692d in that it engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

51. Eastern's conduct violated 15 U.S.C. § 1692e in that it engaged in false, deceptive, or misleading behavior in connection with the collection of a debt.

52. Eastern's conduct violated 15 U.S.C. § 1692e(2) in that it misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to a creditor.

53. Eastern's conduct violated 15 U.S.C. § 1692e(5) in that it threatened to take action against Plaintiff which it could not legally take or did not intend to take in collection of a debt.

54. Eastern's conduct violated 15 U.S.C. § 1692e(8) in that it communicated or threatened to communicate false credit information, in an attempt to collect a debt.

55. Eastern's conduct violated 15 U.S.C. § 1692e(10) in that it employed various false representations and deceptive means to collect a debt.

56. Eastern's conduct violated 15 U.S.C. § 1692f(1) in that it attempted to collect an amount not authorized by any agreement between Plaintiff and Xfinity.

57. Plaintiff has suffered and continues to suffer actual damages as a result of Eastern's unlawful conduct.

58. As a direct consequence of Eastern's acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

59. Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs. *See* 15 U.S.C. § 1692k.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION – PLAINTIFF VS. GINNY'S VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681B(F)

60. Plaintiff realleges all paragraphs above as if realleged herein.

61. The above allegations represent numerous violations of the FCRA, 15 U.S.C. § 1681b(f).

62. Based on these negligent violations, Plaintiff is entitled to actual damages.  15 U.S.C. § 1681o.

63. Based on these willful violations, Plaintiff is entitled to statutory damages.  15 U.S.C. § 1681n.

64.    Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs. *See* 15 U.S.C. §§ 1681n, 1681o.

**SECOND CAUSE OF ACTION – PLAINTIFF VS. BMTX**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681B(F)**

65.    Plaintiff realleges all paragraphs above as if realleged herein.

66.    The above allegations represent numerous violations of the FCRA, 15 U.S.C. § 1681b(f).

67.    Based on these negligent violations, Plaintiff is entitled to actual damages.  15 U.S.C. § 1681o.

68.    Based on these willful violations, Plaintiff is entitled to statutory damages.  15 U.S.C. § 1681n.

69.    Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs. *See* 15 U.S.C. §§ 1681n, 1681o.

**THIRD CAUSE OF ACTION – PLAINTIFF VS. CUSTOMERS**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681B(F)**

70.    Plaintiff realleges all paragraphs above as if realleged herein.

71.    The above allegations represent numerous violations of the FCRA, 15 U.S.C. § 1681b(f).

72.    Based on these negligent violations, Plaintiff is entitled to actual damages.  15 U.S.C. § 1681o.

73.    Based on these willful violations, Plaintiff is entitled to statutory damages.  15 U.S.C. § 1681n.

74.     Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs. *See* 15 U.S.C. §§ 1681n, 1681o.

**FOURTH CAUSE OF ACTION – PLAINTIFF VS. CREDIT COLLECTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §§ 1692D, 1692E(2), 1692E(5), 1692E(8), 1692E(10), 1692F(1)**

75.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76.     The foregoing acts and omissions of Credit Collection constitute numerous violations of the FDCPA, including every one of the above-cited provisions.

77.     Plaintiff is entitled to actual damages as a result of Credit Collection's violations.  15 U.S.C. § 1692k(a)(1).

78.     Plaintiff is entitled to an award of statutory damages as a result of Credit Collection's violations.  15 U.S.C. § 1692k(a)(2)(A).

79.     Plaintiff has been required to retain the undersigned as counsel to protect her legal rights to prosecute this cause of action, and is therefore entitled to an award of reasonable attorneys' fees plus costs incurred.  15 U.S.C. § 1692k(a)(3).

**FIFTH CAUSE OF ACTION – PLAINTIFF VS. EASTERN**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §§ 1692D, 1692E(2), 1692E(5), 1692E(8), 1692E(10), 1692F(1)**

80.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81.     The foregoing acts and omissions of Eastern constitute numerous violations of the FDCPA, including every one of the above-cited provisions.

82.     Plaintiff is entitled to actual damages as a result of Eastern's violations.   15 U.S.C. §

1692k(a)(1).

83.   Plaintiff is entitled to an award of statutory damages as a result of Eastern's violations.  15 U.S.C. § 1692k(a)(2)(A).

84.   Plaintiff has been required to retain the undersigned as counsel to protect her legal rights to prosecute this cause of action, and is therefore entitled to an award of reasonable attorneys' fees plus costs incurred.  15 U.S.C. § 1692k(a)(3).

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants Ginny's BMTX and Customers on Counts 1 through 3:

**FIRST THROUGH FIFTH CAUSES OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 ET SEQ.**

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) for each incident of negligent or willful noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants Credit Collection and Eastern on Count 4:

**FOURTH AND FIFTH CAUSES OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 ET SEQ.**

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 16892k(a)(3); and

- any other relief the Court may deem just and proper.

### TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 23, 2023

Respectfully submitted,

/s/ *Miles N. Clark*
Miles N. Clark, Esq.
LAW OFFICES OF MILES N. CLARK LLC
5510 S. Fort Apache Rd, Suite 30
Las Vegas, NV 89148-7700

*Attorney for Plaintiff, Alice Robinson*